IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Michael Alonza Rufus, ) | |
| ) | Civil Action No. 6:06-2969-GRA-WMC |
| Plaintiff, ) | |
| ) | **O R D E R** |
| vs. ) | |
| ) | |
| Bureau of Prisons, et al., ) | |
| ) | |
| Defendant. ) | |
| ) | |

      This matter is before the court on the plaintiff's "motion to end contract." The plaintiff, a federal prisoner proceeding *pro se*, seeks relief pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

      Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A) and Local Civil Rule 73.02(B)(2)(e) D.S.C., all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate Judge for consideration.

      The plaintiff asserts that the Bureau of Prisons has improperly withheld access to the funds in his inmate trust fund account in violation of the court's orders in this case and in *Rufus v. Bureau of Prisons and John Does*, C.A. No. 6:06-3114-GRA-WMC. He claims this action was taken in retaliation for his filing suit and using the administrative grievance process. The plaintiff claims this "contract" can be terminated at his discretion. The plaintiff has filed several civil actions against the government and its employees. With each civil action he files, the plaintiff incurs a debt to the United States of $350.00. These are statutory debts and are not contracts that are voidable by plaintiff. These debts are not dischargeable in bankruptcy. 11 U.S.C. §523(a)(17). The Prisoner Litigation Reform Act ("PLRA") requires inmates proceeding *in forma pauperis* to either pay the filing fee in full,

or make a down payment toward the fee and thereafter make monthly payments until the fee is paid. 28 U.S.C. §1915(a), (b). The initial payment may either be set by the court or determined by the Bureau of Prisons pursuant to the statute. 28 U.S.C. §1915(b).

The plaintiff filed the instant action ("*Rufus I*") on October 17, 2006. After the requisite financial affidavits were filed, including an agreement to remove the payments from his inmate trust account, this court entered a filing fee order on November 14, 2006. This order does not set the amount of an initial payment and directs the Bureau of Prisons "to collect payments from the plaintiff's trust account in accordance with 28 U.S.C. §1915(b)(1) and (2) until the full filing fee is paid." On November 1, 2006, the plaintiff filed *Rufus v. Federal Bureau of Prisons and John Does*, C.A. No. 6:06-3114-GRA-WMC ("*Rufus II*"). After the necessary financial affidavits were filed, including an authorization to withdraw funds from the plaintiff's inmate trust account, this court entered a service and filing fee order on December 11, 2006. This order also directs the Bureau of Prisons to withhold funds in accordance with 29 U.S.C. §1915(b)(1) and (2). Thus, the plaintiff owes $700 to the United States – $350 in each case.

The relevant section of the PLRA provides as follows:

(b)(1) Notwithstanding subsection (a), if a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of–

(A) the average monthly deposits to the prisoner's account; or
(B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

(2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the

2

>court each time the amount in the account exceeds $10 until
>the filing fees are paid.

28 U.S.C. §1915(b)(1) and (2).

The plaintiff believes that the Bureau of Prisons violated the provisions of Section 1915(b) in the collection of fees from his account because he was left with no funds in his account on and after December 13, 2006 (m. to end contract at 1). On November 29, 2006, $30 was deposited from Western Union into the plaintiff's trust account (def. resp., ex. 1, Reihle dec. ¶11). The initial filing fee had been paid in *Rufus I*. Therefore, 20% of those monies ($6.00) were encumbered toward the filing fee payment (*id.* ¶¶ 7, 11). On December 1, 2006, that money, along with a prior encumbrance for the same reason, were released so the money could be sent to the court (*id.*). Although a total of $21.00 was owed, sending that amount would have taken plaintiff's account balance below $10.00 (due to his spending $72.15 at the commissary and $4.00 in phone credits the previous day) (*id.* ¶¶ 7, 12-13). Therefore, only $11.94 was sent to the court (*id.*). The same day this payment was processed, the plaintiff depleted his trust account completely with a phone credit transfer (*id.* ¶13). On December 8, 2006, the plaintiff received his payment for his UNICOR work assignment (*id.* ¶14). He was paid $41.06, of which 20% ($8.21) was encumbered due to his filing fee order. The plaintiff made several telephone credit withdrawals over the next few days, totaling $11.00 (*id.*).

On December 13, 2006, FCI Williamsburg received the filing fee order in *Rufus II* (*id.* ¶15). This order did not set a specific initial payment amount, so that debt was entered into TRUFACS in the usual manner (*id.*). Because initial payments are not subject to the "leaving $10 in the account" rule, the entire remaining balance in the plaintiff's account was encumbered to go toward the initial filing fee (*Id.* ¶¶6, 15). On December 19, 2006, the plaintiff received $15.00 through the mail (*id.* ¶16). This was applied to his account and immediately encumbered to satisfy the initial filing fee in *Rufus II* (*id.*). On

December 27, 2006, the plaintiff received a Western Union payment of $50.00 (*id.* ¶17). When that money was deposited, $5.77 was encumbered to complete the amount owing on the initial filing fee (*id.*). An additional 20% was encumbered to satisfy the remaining obligation for the fee order in *Rufus I*, and another 20% was encumbered for the monthly payment in *Rufus II* (*id.*).

On December 28, 2006, payment was processed to the U.S. District Court for the initial payment amount of $42.62 in *Rufus II* (*id.* ¶18). On January 1, 2007, the encumbered monies for the monthly payments were released and processed for payment to the court: $18.21 toward *Rufus I* and $10.00 toward *Rufus II* (*id.* ¶19). The plaintiff's balance at that time was $19.23 (*id.*).

The defendants contend that the plaintiff's confusion comes as a result of the issuance of the filing fee order in *Rufus II.* When that order was received, FCI Williamsburg staff entered the obligation into the TRUFACS computer system (*id.* ¶¶3, 5). Since the amount of the initial payment was not specified by the court, the system automatically computed the initial filing fee as 20% of the greater of the plaintiff's average deposits or average daily balance for the preceding six months (*id.* ¶¶5, 15). Here, that amount was calculated as $42.62 (*id.* ¶15). Because initial payments are due immediately, that amount was immediately encumbered in the plaintiff's account (*id.* ¶¶ 6, 15-17). Since sufficient funds were not available, all deposits to the plaintiff's account were encumbered until the payment amount was satisfied (*id.*). There is no requirement that $10 remain unencumbered in the inmate's account after initial payments (*id.* ¶¶ 6-7). The "$10 rule" applies only to the monthly payments after the initial payment is processed. Compare 28 U.S.C. §1915(b)(1) ("the court shall assess ... and, when funds exist, collect, as ... partial payment") with 28 U.S.C. §1915(b)(2) ("After payment of the initial filing fee ... the agency having custody of the prisoner shall forward payment from the prisoner's account to the ... court each time the amount in the account exceeds $10 until the filing fee is paid.").

4

As argued by the defendants, the actions taken by the Bureau of Prisons do not constitute breach of contract such that the plaintiff may now avoid the obligation under contract law. Rather, the obligation is imposed by the court as required by statute once the plaintiff files litigation. The evidence before the court shows that the defendants acted appropriately with regard to the plaintiff's inmate account. Accordingly, the motion is denied.

    IT IS SO ORDERED.

                     WILLIAM M. CATOE
                     UNITED STATES MAGISTRATE JUDGE

February 16, 2007

Greenville, South Carolina