IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Michael Rufus, ) | |
| ) | Civil Action No. 6:06-2969-GRA-WMC |
| Plaintiff, ) | |
| ) | |
| vs. ) | **REPORT OF MAGISTRATE JUDGE** |
| ) | |
| Bureau of Prisons; Ron Potts; Eugene ) | |
| Rockwell; Edith Weir; Donald F. ) | |
| Bauknecht; and Unknowns, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on the defendants' motion for summary judgment. The plaintiff, a federal prisoner who is proceeding *pro se*, seeks relief pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A) and Local Civil Rule 73.02(B)(2)(e) D.S.C., all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate Judge for consideration.

In his original complaint, the plaintiff alleged his constitutional rights were violated with respect to a disciplinary action conducted at the Federal Correctional Institution ("FCI") located in Williamsburg, South Carolina. Specifically, he alleged the sanctions imposed upon him as a result of this disciplinary hearing were more severe than those imposed against another inmate. He sought to have the disciplinary action overturned, the staff involved reprimanded, the Bureau of Prisons Administrative Remedy process rewritten, enforcement of the Standards of Employee Conduct, his return to the satellite Prison Camp, and unspecified monetary damages for emotional distress.

On February 20, 2007, the defendants filed a motion for summary judgment. On February 21, 2007, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately. The plaintiff was granted an extension of time to file his opposition to the motion until March 23, 2007. He failed to file opposition to the motion.[1]

On March 29, 2007, the plaintiff filed a motion to amend his complaint. By order of this court filed April 19, 2007, the motion to amend was denied and the plaintiff was given a final opportunity, through May 14, 2007, to file his opposition to the motion for summary judgment. The plaintiff was specifically advised that no further extensions would be granted and that if he failed to respond this action would be subject to dismissal for failure to prosecute pursuant to Fed.R.Civ.P. 41(b), and the dismissal will be considered an adjudication on the merits, i.e., *with prejudice*.

On May 14, 2007, the plaintiff filed motions to correct jurisdiction, for joinder and for relief from obligations; however, he has not filed any opposition to the motion for summary judgment.

Federal Rule of Civil Procedure 56 states, as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the

---

[1] While the plaintiff did not file his opposition to the motion for summary judgment, between March 1st and March 22nd he did file motions for subpoena duces tecum, to stay, to produce, and for discovery.

disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings; rather, he must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.,* 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds,* 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson,* 477 U.S. at 248. Furthermore, Rule 56(e) provides in pertinent part:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed.R.Civ.P. 56(e). Accordingly, when Rule 56(e) has shifted the burden of proof to the non-movant, he must produce existence of every element essential to his action that he bears the burden of adducing at a trial on the merits.

In their motion for summary judgment, the defendants have presented arguments and evidence showing the following:

> [T]he case should be dismissed for lack of subject matter jurisdiction over the individual defendants in their official capacities, for failure to state a claim against defendants Weir and Bauknecht, and because supervisory liability does not attach to them. All defendants are entitled to qualified immunity. Defendants Potts and Rockwell are entitled to summary judgment, as they did not take any actions that violated a constitutional right of Mr. Rufus. The sanctions they imposed were appropriate and within the bounds of Bureau of Prisons policy. Mr. Rufus has no constitutional right to a particular prison classification or to be housed in a particular prison. Allegations of negligence do not state a claim under the Constitution. Finally, Mr. Rufus is not entitled to monetary damages for emotional distress without proof of physical harm.

(def. m.s.j. 31). As discussed above, the plaintiff has failed to oppose the motion for summary judgment and has thus failed to set forth specific facts showing that there is a genuine issue for trial. Accordingly, summary judgment for the defendants should be granted. *See* Fed.R.Civ.P. 56(e). Dismissal of this action is also appropriate pursuant to Federal Rule of Civil Procedure 41(b) based upon the plaintiff's failure to prosecute or to comply with an order of the court. *See Ballard v. Carlson*, 882 F.2d 93, 95-96 (4th Cir. 1989), *cert. denied*, 493 U.S. 1084 (1990).

Wherefore, based upon the foregoing, it is recommended that the defendants' motion for summary judgment be granted.

May 17, 2007

Greenville, South Carolina

WILLIAM M. CATOE
UNITED STATES MAGISTRATE JUDGE

4